**PUBLISH**

_____

**UNITED STATES COURT OF APPEALS**

<u>**Filed 8/20/96**</u>

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,           )
                                    )
    Respondent-Appellee,          )
                                    )
v.                                  )        No. 96-6127
                                    )     (W. Dist. of Okla.)
THOMAS D. BARNHARDT,                )   (D.C. No. CIV-96-181-A)
                                    )
    Petitioner-Appellant.         )

_____

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

_____

Submitted on the briefs:

Thomas D. Barnhardt, Pro Se.

Patrick M. Ryan, United States Attorney, M. Jay Farber, Assistant United States Attorney, Oklahoma City, Oklahoma.

_____

**BARRETT**, Senior Circuit Judge.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Thomas D. Barnhardt (Barnhardt), appearing <u>pro</u> <u>se</u> and having been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis,</u> appeals the

district court's Order of March 18, 1996, dismissing his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.

On June 14, 1990, Barnhardt waived his right to a jury trial and pled guilty to possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); using or carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) (Count 9).[1] He was sentenced to 63 months imprisonment on Counts 2 and 9, to run concurrently, and 60 months imprisonment on Count 3, to run consecutively. Barnhardt did not file a direct appeal.

On February 2, 1996, Barnhardt filed a motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255.[2] In his motion, Barnhardt challenged his conviction and sentence on Count 3, using or carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He argued that he never "used" a firearm within the meaning of §

---

[1]    Barnhardt also agreed to the forfeiture of certain personal property pursuant to 21 U.S.C. § 853 (Count 10).

[2]    This is Barnhardt's second § 2255 motion. On February 19, 1993, Barnhardt filed a § 2255 motion concerning the retroactive application of U.S.S.G. § 3E1.1 which was denied by the district court on September 24, 1993. There was no appeal from that order.

924(c)(1) as defined in <u>Bailey v. United States</u>, ___ U.S. ___, 116 S.Ct. 501 (1995).

On March 18, 1996, the district court dismissed Barnhardt's § 2255 motion, concluding that there was ample evidence on the record to support his conviction and sentence on Count 3 under the "carry" prong of § 924(c)(1).

On appeal, Barnhardt contends that the district court erred in dismissing his § 2255 motion, inasmuch as his plea was involuntary, and a factual issue remains as to whether he had the firearm on his person at the time the offense was committed.

As a threshold matter, we must determine whether (1) Barnhardt waived his right to challenge the factual basis of his plea by pleading guilty, and (2) whether <u>Bailey</u> applies retroactively to allow relief in collateral proceedings under 28 U.S.C. § 2255.

## I. Waiver

In <u>United States v. Broce</u>, 488 U.S. 563, 565 (1989), the Supreme Court held that a defendant is precluded from collaterally attacking a voluntary and intelligent guilty plea.[3] However, the Court noted that an exception to the rule barring collateral attack on a guilty plea applies when the defendant had "'the right not to

---

[3]    Notwithstanding the dictates of <u>Broce</u>, we note that "those courts which have addressed <u>Bailey</u> in the context of a prisoner's § 2255 motion applied the <u>Bailey</u> analysis to the petitioner's conviction, notwithstanding the fact that the petitioner had pled guilty to a violation of 18 U.S.C. § 924(c)(1)." <u>United States v. Fletcher</u>, 919 F. Supp. 384, 387 (D. Kan. 1996) (citations omitted).

be haled into court at all upon the felony charge.'" Id. at 574-75 (quoting Blackledge v. Perry, 417 U.S. 21, 30 (1974)).

In United States v. Barboa, 777 F.2d 1420 (10th Cir. 1985), we followed Blackledge. Barboa pled guilty to conspiracy to damage and destroy by explosives a building used in an activity affecting interstate commerce, in violation of 18 U.S.C. § 371. Id. at 1421. Following sentencing, Barboa filed a § 2255 motion on the grounds that his sole coconspirator was a government informant. Id. at 1422. On appeal, we rejected the government's argument that Barboa's guilty plea served as an admission that he committed the crime of conspiracy. Id. at 1423 n.3. We held that a plea of guilty does not bar a claim that the defendant's conviction is unconstitutional "'no matter how validly his factual guilt is established'" if the facts he pled guilty to are subsequently determined not to be criminal. Id. (quoting Menna v. New York, 423 U.S. 61, 63 n.2 (1975)).

Here, the facts are analogous to those in Barboa. Barnhardt argues that he did not "use" a firearm under § 924(c)(1) as defined by Bailey, i.e., that the factual basis for his guilty plea does not constitute a crime under § 924(c)(1) and Bailey. Therefore, we hold that he may attack the validity of his conviction under 28 U.S.C. § 2255.

## II. Retroactivity

Next, we must determine whether Bailey has retroactive

- 4 -

application to cases on collateral review.[4]  The courts which have addressed this issue have concluded that <u>Bailey</u> applies retroactively and we now add ourselves to that list.[5]  <u>See</u> <u>United States v. Cota-Loaiza</u>, 1996 WL 403303 (D. Colo. 1996) (citations omitted).  In so doing, the courts have relied on <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974), wherein the Supreme Court held that a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was "for an act that the law does not make criminal."

In <u>United States v. Dashney</u>, 52 F.3d 298 (10th Cir. 1995), we applied <u>Davis</u> and held that substantive changes in the law, as opposed to procedural changes, apply retroactively.  In <u>Dashney</u>, the defendant was convicted in 1990 of violating 31 U.S.C. §§ 5322(a) and 5324(3) by structuring cash transactions in order to evade currency reporting requirements.  <u>Id</u>. at 298.  In 1994, the Supreme Court held that a conviction under 31 U.S.C. §§ 5322(a) and 5324(3) required that the defendant know that the structuring in which he engaged was unlawful.  <u>Ratzlaf v. United States</u>, 510 U.S.

---

[4]    In <u>United States v. Wacker</u>, 72 F.3d 1453 (10th Cir. 1995), <u>petition</u> <u>for</u> <u>cert</u>. <u>filed</u>, (U.S. June 10, 1996) (No. 95-9284), we decided that <u>Bailey</u> applied retroactively to cases on direct review on the date it was decided, December 6, 1995.

[5]    This decision is supported by our unpublished decision, <u>United States v. Parker</u>, 1996 WL 202607 (10th Cir. April 26, 1996), wherein we reversed the defendant's conviction and sentence under § 924(c)(1) and remanded to the trial court for further factual determinations.

135 (1994). On appeal from the district court's denial of his § 2255 motion, we concluded that <u>Teague v. Lane</u>, 489 U.S. 288, 296 (1989), which holds that new constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review, was distinguishable because <u>Ratzlaf</u> established a new substantive rule of law rather than a new procedural rule of law.[6] Therefore, we held that <u>Ratzlaf</u> applied retroactively.

Like <u>Ratzlaf</u>, <u>Bailey</u> establishes a new non-constitutional rule of substantive law which may produce a different result under the facts of this case than that dictated by prior law. In other words, actions that were criminal pre-<u>Bailey</u> may no longer be such. Therefore, we hold that <u>Bailey</u> applies retroactively to convictions under 18 U.S.C. § 924(c)(1).

### III. **<u>Bailey</u>**

Having concluded that Barnhardt has not waived his right to challenge his conviction under § 2255 and that <u>Bailey</u> applies retroactively, we must now address the application of <u>Bailey</u> in a case where the defendant pled guilty to a charge that he used or carried a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

In <u>United States v. Miller</u>, 84 F.3d 1244, 1257 (10th Cir. 1996), we discussed <u>Bailey</u>'s application where a defendant was

---

[6] For a very thorough discussion of retroactivity, <u>Teague</u>, and <u>Bailey</u>, see <u>Sanabria v. United States</u>, 916 F. Supp. 106 (D. Puerto Rico 1996).

convicted by a jury of using or carrying a firearm during and in relation to a drug trafficking offense in violation of § 924(c)(1). In Miller, we concluded that if (a) the indictment alleged that the defendant both "used" and "carried" the firearm in question, (b) the jury was instructed on both the "use" and "carry" prongs of § 924(c)(1), and (c) the "use" instruction was erroneous in light of Bailey, then the defendant's conviction under § 924(c)(1) must be reversed unless the reviewing court is absolutely certain that the jury convicted solely under the "carry" prong. Id. at 1256-57. Our "reason for this approach is simple: 'Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law,' Griffin [v. United States], 502 U.S. [46, 59 (1991)], and may have intended to convict the defendant on a legally invalid ground, while rejecting the evidence supporting the legally valid one." Miller, 84 F.3d at 1257. The only way to remedy the problem is to order a retrial and put the government to its proof before a properly instructed jury. Id. at 1257.

However, when a defendant pleads guilty the concerns underlying our decision in Miller are not implicated. When a defendant pleads guilty, it is necessary only that the court "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). See United States v. Blair, 54 F.3d 639, 643 (10th Cir.), cert. denied, ___ U.S. ___

- 7 -

(1995).  Accordingly, the determination of Barnhardt's motion depends on whether there is an adequate factual basis for his guilty plea.[7]

At Barnhardt's change of plea hearing, the following exchange took place between Barnhardt, Mr. Farber (government counsel), and the court:

> MR. FARBER:   And as a result of your meeting with him, you then went to a Holiday Inn located here in the Oklahoma City area and you -- well, you purchased approximately a kilo [of] cocaine.
>
> DEFENDANT BARNHARDT:  Yes, sir.
>
> MR. FARBER:   Correct?  And you had possession of that cocaine?
>
> DEFENDANT BARNHARDT:    Yes, sir.
>
> MR. FARBER:  Okay.  And you at a later point in time, I imagine, were going to redistribute that cocaine and earn a profit, correct?
>
> DEFENDANT BARNHARDT:  Yes, sir.
>
> MR. FARBER:  Okay.  And at the time of your arrest there was a firearm, a .38 caliber revolver, found tucked down I believe the back of you pants, is that correct?
>
> DEFENDANT BARNHARDT:  Yes, sir.
>
> MR. FARBER:  Okay.  And you used that firearm, again, in relation to the purchase of the narcotics that you had just undertaken, correct?
>
> THE COURT:  Well, do you mean use it or carried it in the event you might have to use it?

---

[7]    This conclusion is supported by the "overwhelming weight of authority from other jurisdictions." United States v. Cota-Loaiza, 1996 WL 403303 (D. Colo. 1996) (citations omitted).

- 8 -

DEFENDANT BARNHARDT: Carried it.

MR. FARBER: You had it for [a] reason, in case something occurred that you would need to use that gun to protect yourself, protect you money or whatever?

DEFENDANT BARNHARDT: Yes, sir.

(Tr. Guilty Plea at 35-36).

Based on his statements, the district court found that a factual basis for Barnhardt's guilty plea existed and that his plea was made voluntarily, with a full understanding of the charges and consequences. Id. at 36.

"The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." Blair, 54 F.3d at 643 (quoting United States v. Adams, 961 F.2d 505, 509 (5th Cir. 1992)). Therefore, our review is under the clearly erroneous standard, Blair, 54 F.3d at 643, and a finding of fact is not clearly erroneous unless it is without factual support in the record or, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made. Exxon Corp. v. Gann, 21 F.3d 1002, 1005 (10th Cir. 1994).

In Bailey, the Supreme Court held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicated offense." ___ U.S. at ___, 116 S.Ct. at 505 (emphasis original). "Evidence that the defendant brandished, displayed, bartered, fired or attempted to fire a firearm, or used

it to strike another person will support a jury verdict that the defendant 'used' a firearm, as will evidence the defendant made 'a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense.'" Miller, 84 F.3d at 1256 (quoting Bailey, ___ U.S. at ___, 116 S.Ct. at 508).

Inasmuch as the Court did not specifically define the "carry" prong of § 924(c)(1), it did state that:

> [u]nder the interpretation we enunciate today, a firearm can be used without being carried, e.g., when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction.

Bailey, ___ U.S. at ___, 116 S.Ct. at 507.

In this case, it is clear that Barnhardt did not "use" the firearm as Bailey defines "use" in terms of § 924(c)(1); there was no "active employment" of a firearm. However, Barnhardt admitted, in response to direct questioning from the court, at his change of plea hearing, that he "carried" the firearm in question tucked into the back of his pants during the drug transaction, handy in the event that he might need to use it. This is exactly the type of situation envisioned by the Supreme Court in Bailey to distinguish "use" from "carry" under § 924(c)(1).

Therefore, we hold that the district court did not err in upholding Barnhardt's conviction for using or carrying a firearm during and in relation to a drug-trafficking crime, in violation of

18 U.S.C. § 924(c)(1), based on the carrying prong.

**AFFIRMED.**