UNITED STATES COURT OF APPEALS

**Filed 10/4/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

GRANVILLE LEE HUMPHREY,

    Defendant-Appellant.

No. 96-6196
(D.C. No. CIV-96-610-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Granville Lee Humphrey, appearing pro se, filed a 28 U.S.C. § 2255 motion to set aside his conviction and sentence for using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court denied defendant's motion.  We affirm.[1]

## I.

On April 4, 1988, defendant pled guilty to counts 1 and 24 of a 24-count indictment, conspiracy to possess with intent to distribute and to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and knowingly using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1).  He was sentenced on May 9, 1988, to consecutive terms of twenty years on count 1 and five years on count 24.

On April 24, 1996, defendant filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, based on the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995).  On May 30, 1996, the district court issued a memorandum opinion and order denying the motion, finding the "elements necessary to show [defendant] 'carried' a firearm under section 924(c)(1) are evidenced in the Court record, and the factual predicate necessary to sustain [defendant's] conviction after guilty plea is established."  Append. I, Doc. 218, at 7.

## II.

Defendant continues to assert on appeal that the factual basis for his guilty plea to count 24 does not constitute a crime under § 924(c)(1), as defined by Bailey.

---

[1]  Though not addressed in defendant's appellate brief, there is a question as to whether he is required to secure a certificate of appealability under the changes made to 28 U.S.C. § 2253 by section 102 of the newly enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996).  Given that defendant's claim fails on its merits, we see no reason to explore whether he should have applied for a certificate of appealability.  Assuming such a certificate is required, we grant it.

In <u>Bailey</u>, the Supreme Court narrowed the broad definition of "use" and held "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." 116 S.Ct. at 509. In <u>United States v. Barnhardt</u>, 93 F.3d 706, 708-09 (10th Cir. 1996), we held that, because it established a new non-constitutional rule of substantive law which may produce different results than dictated by prior law, <u>Bailey</u> applies retroactively to cases on collateral review.

"When a defendant pleads guilty, it is necessary only that the court 'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.'" <u>Barnhardt</u>, 93 F.3d at 709 (quoting Fed. R. Crim. P. 11(f)). Therefore, resolution of defendant's § 2255 motion "depends on whether there is an adequate factual basis for his guilty plea." <u>Id.</u> at 709-10. In reviewing the district court's findings on this issue, we apply a clear error standard, and will reverse only if the factual findings are without factual support in the record, or if we are left with a definite and firm conviction that a mistake has been made. <u>Id.</u> at 710.

Applying <u>Bailey</u> to the instant case, the government concedes, and we agree, that the underlying facts are not sufficient to support defendant's guilty plea under the "use" prong of § 924(c)(1). The question remains, however, whether the underlying facts are sufficient to support defendant's guilty plea under the "carry" prong of § 924(c)(1). <u>See</u> Fed. R. Crim. P. 11(f); <u>see</u> <u>also</u> <u>United States v. Blair</u>, 54 F.3d 639, 643 (10th Cir.), <u>cert. denied</u>, 116 S.Ct. 220 (1995).

Although <u>Bailey</u> did not define the "carry" prong, it "suggests that neither storage nor possession of a gun, without more, satisfies the 'carry' prong of § 924(c)(1)." <u>United</u>

States v. Spring, 80 F.3d 1450, 1464 (10th Cir. 1996). Before Bailey, we defined "carry" as involving "'two elements: possession of the weapon through the exercise of dominion or control; and transportation of the weapon.'" Id. at 1465 (quoting United States v. Martinez, 912 F.2d 419, 420 (10th Cir. 1990)). Although incomplete, this definition is substantially unaltered by Bailey.

Reviewing the record on appeal in this case, we conclude there is a sufficient factual basis to support defendant's plea under the "carry" prong of § 924(c)(1). At the time of the plea hearing, defendant admitted only that he had possession of a .38 caliber revolver during the time period in which he was involved in the drug trafficking offenses charged in the indictment. However, the presentence report, filed approximately one month after the plea hearing, indicates that, "on some occasions, the defendant would travel to Dallas, Texas, to trade stolen property, including firearms for drugs." Append. II at 3. The report further indicates that "defendant carried a Colt .38 caliber revolver, serial number H16795, during the commission of these drug transactions." Id. Because defendant did not object to these facts in the presentence report, they are deemed admitted, United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994), cert. denied, 115 S.Ct. 1117 (1995), and we conclude they are sufficient to satisfy the "carry" prong of § 924(c)(1). See Spring, 80 F.3d at 1465; see also United States v. Trott, 779 F.2d 912, 914 (3d Cir. 1985) (noting that, under Fed. R. Crim. P. 11, information in a presentence report may be relied upon to find a factual basis for a guilty plea).

AFFIRMED.  The mandate shall issue forthwith.[2]

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2]  Pursuant to procedures adopted prior to enactment of the Prisoner Litigation Reform Act of 1995 (PLRA), the district court granted defendant leave to proceed on appeal in forma pauperis, and thus did not require defendant to prepay the filing fee, even though the notice of appeal was filed after the effective date of the PLRA.  Because we conclude it would be inequitable to reverse the IFP authorization at this point in the litigation, we will not require the district court to belatedly comply with the new procedures mandated by the PLRA.