**Filed 1/24/97**

# UNITED STATES COURT OF APPEALS

## TENGH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 96-1391 |
| v. | D. Colorado |
| ANTHONY JOHN DAVID, | (D.C. No. 96-S-1113) |
| Defendant - Appellant. | |

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Anthony J. David appeals the district court's denial of his pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  David contends that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court erred in finding that there was a factual basis to support his plea to using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We grant a certificate of appealability and affirm.

## BACKGROUND

On December 6, 1993, David was charged in a six count indictment as follows: Count One -- conspiracy to manufacture and distribute methamphetamine and aiding and abetting the distribution and manufacture of methamphetamine in violation of 21 U.S.C. § 846; Count Two -- possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Three -- using a firearm  (a destructive device under 18 U.S.C. § 921(a)(4)) during or in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), 2; Count Four -- possession of an unregistered firearm (a destructive device under 18 U.S.C. § 921(a)(4)) in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2; Count Five -- using or carrying one or more often listed firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count Six -- felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Government's Resp. to 28 U.S.C. § 2255 motion, filed July 1, 1996 ("Response"), Attach. 1.

On February 24,1994, David and the government entered into a plea agreement whereby the government dismissed counts two and three, and David agreed to enter guilty

-2-

pleas to the remaining counts.[1]  Response, Attach. 2 at 1-2.  Respecting count five, David

correctly points out that the agreement does not precisely track the charge's alternative

"use or carry" language.  Rather, the agreement provides for David's guilty plea to "using

a firearm during and in relation to a drug trafficking crime, in violation of Title 18,

United States Code, Section 924(c)."  Id.  The judgment restates the terms of the plea

agreement, providing that "the defendant is adjudged guilty of . . .  18 U.S.C. § 924(c)

Using a firearm during and in relation to a drug trafficking crime."  Response, Attach. 3.

The plea agreement stipulates the following facts relevant to count five:

> On October 14, 1993, Agents of the Drug Enforcement
> Administration . . . executed a search warrant at 8514 County Road X,
> Lincoln County, Rush, Colorado.  Law enforcement agents arrested the
> Defendant, Anthony John David . . . .  Agents seized a clandestine
> methamphetamine lab, numerous firearms, books and video tapes.  The
> clandestine lab was located in the barn . . . .

> Agents also recovered numerous firearms in the house[2] where the
> Defendant was arrested . . . .  Video tapes seized during the execution of the
> search warrant show the display and firing of some of the [listed firearms]
> in close proximity to the barn which contained the lab.

> The Defendant, David, is shown in the video tapes handling and
> discharging several [of the listed] firearms during October, 1993, at the
> farm in Rush, Colorado.  In October, 1993 the Defendant was a convicted
> felon . . . .

Id., Attach. 2 at 3-4.

---

[1]  David does not attack his pleas to counts one, four, and six.

[2]These are the firearms listed in count five.  Response at 2.

DISCUSSION

Ordinarily a defendant's unconditional guilty plea waives all nonjurisdictional challenges to his conviction. United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994). Accordingly, a defendant is generally precluded from collaterally attacking a voluntary and intelligent guilty plea. United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996) (citing United States v. Broce, 488 U.S. 563, 565 (1989)). However, we do not bar a collateral attack if the factual basis for the plea is later determined not to constitute a crime. Id. In this case, David contends that Bailey v. United States, 116 S. Ct. 501 (1995) changed Tenth Circuit law regarding what facts constitute "use" of a firearm in relation to a drug trafficking offense under 18 U.S.C. § 924(c), and that there is no factual basis for finding that he "used" a firearm under Bailey's definition.[3] We have previously held we will entertain such claims, and that Bailey applies retroactively to cases on collateral review. Barnhardt, 93 F.3d at 708. Our analysis treats the district court's acceptance of a guilty plea as a finding of an adequate factual basis for the plea, and we

---

[3]At the time David entered his plea, the government could prove a defendant's "use" under § 924(c) by demonstrating his "ready access" to a firearm which was an integral part of the drug trafficking crime and which increased the likelihood of that crime's success. United States v. Richardson, 86 F.3d 1537, 1547 (10th Cir.) (citing United States v. McKinnell, 888 F.2d 669, 675 (10th Cir. 1989)), cert. denied, 117 S. Ct. 588 (1996). Bailey v. United States, 116 S. Ct. 501 (1995) has overruled our prior cases, making it clear that a conviction for "use" under § 924(c) does not subsume "carry" and cannot be predicated upon mere possession. Id. at 508-09. Rather, "use" requires a showing that the defendant "actively employed" (*e.g.* brandished, displayed, fired or attempted to fire) the firearm. Id. at 508.

review that finding for clear error. A finding of fact is clearly erroneous if the record contains no support for it, or if our review of the evidence leaves us with "a definite and firm conviction that a mistake has been made." Id. at 710.

In his brief to us, David concedes that the seized videos show him "using" firearms. Moreover, the facts stipulating that he discharged the firearms clearly support such a finding. Appellant's Br. at 11. Nonetheless, David attempts to expand Bailey's reach beyond the question of whether he "used" a firearm, contending that the videos offer no evidence that his recorded use was "in relation to" a drug trafficking crime. However, Bailey did not address the "in relation to" element of § 924(c). Rather, at the time David entered his plea, the Court had clearly defined the expansive parameter of that element:

> According to Webster's, "in relation to" means "with reference to" or "as regards." Webster's New International Dictionary, at 2102. The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. As one court has observed, the "in relation to" language "allay[s] explicitly the concern that a person could be" punished under § 924(c)(1) for committing a drug trafficking offense "while in possession of a firearm" even though the firearm's presence is coincidental or entirely "unrelated" to the crime. United States v. Stewart, 779 F.2d 538, 539 (CA9 1985) (Kennedy, J.). Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense. Id., at 540. Accord, United States v. Ocampo, 890 F.2d 1363, 1371-1372 (CA7 1989); 957 F.2d, at 837.

Smith v. United States, 508 U.S. 223, 237-38 (1993); see also Richardson, 86 F.3d at 1548 n.5 (noting that the "question of whether a weapon was used . . . 'during and in

-5-

relation to' a drug trafficking offense" is distinct from our pre-<u>Bailey</u> "use" requirement that the firearm be an integral part of the criminal undertaking).

Accordingly, since <u>Bailey</u> did not affect the clearly established "in relation to" element of § 924(c), the general rule respecting guilty pleas applies, and David's plea constituted a waiver of any claim that there was no factual basis for that element of the offense.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge