106 F.3d 414
 97 CJ C.A.R. 146
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony John DAVID, Defendant-Appellant.
 No. 96-1391.
(D.C.No. 96-S-1113)
 United States Court of Appeals, Tenth Circuit.
 Jan. 24, 1997.
 
 Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 3
 Anthony J. David appeals the district court's denial of his pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. David contends that the court erred in finding that there was a factual basis to support his plea to using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We grant a certificate of appealability and affirm.
 
 BACKGROUND
 
 4
 On December 6, 1993, David was charged in a six count indictment as follows: Count One--conspiracy to manufacture and distribute methamphetamine and aiding and abetting the distribution and manufacture of methamphetamine in violation of 21 U.S.C. § 846; Count Two--possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Three--using a firearm (a destructive device under 18 U.S.C. § 921(a)(4)) during or in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), 2; Count Four--possession of an unregistered firearm (a destructive device under 18 U.S.C. § 921(a)(4)) in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2; Count Five--using or carrying one or more often listed firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count Six--felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Government's Resp. to 28 U.S.C. § 2255 motion, filed July 1, 1996 ("Response"), Attach. 1.
 
 
 5
 On February 24, 1994, David and the government entered into a plea agreement whereby the government dismissed counts two and three, and David agreed to enter guilty pleas to the remaining counts.[1] Response, Attach. 2 at 1-2. Respecting count five, David correctly points out that the agreement does not precisely track the charge's alternative "use or carry" language. Rather, the agreement provides for David's guilty plea to "using a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)." Id. The judgment restates the terms of the plea agreement, providing that "the defendant is adjudged guilty of ... 18 U.S.C. § 924(c) Using a firearm during and in relation to a drug trafficking crime." Response, Attach. 3.
 
 
 6
 The plea agreement stipulates the following facts relevant to count five:
 
 
 7
 On October 14, 1993, Agents of the Drug Enforcement Administration ... executed a search warrant at 8514 County Road X, Lincoln County, Rush, Colorado. Law enforcement agents arrested the Defendant, Anthony John David.... Agents seized a clandestine methamphetamine lab, numerous firearms, books and video tapes. The clandestine lab was located in the barn....
 
 
 8
 Agents also recovered numerous firearms in the house[2 where the Defendant was arrested.... Video tapes seized during the execution of the search warrant show the display and firing of some of the [listed firearms] in close proximity to the barn which contained the lab.
 
 
 9
 The Defendant, David, is shown in the video tapes handling and discharging several [of the listed] firearms during October, 1993, at the farm in Rush, Colorado. In October, 1993 the Defendant was a convicted felon....
 
 
 10
 Id., Attach. 2 at 3-4.
 
 DISCUSSION
 
 11
 Ordinarily a defendant's unconditional guilty plea waives
 
 
 12
 all nonjurisdictional challenges to his conviction. United States v. Wright, 43 F.3d 491, 494 (10th Cir.1994)
 
 
 13
 . Accordingly, a defendant is generally precluded from
 
 
 14
 collaterally attacking a voluntary and intelligent guilty
 
 
 15
 plea. United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir.1996)
 
 
 16
 (citing United States v. Broce, 488 U.S. 563, 565 (1989)
 
 
 17
 ). However, we do not bar a collateral attack if the
 
 
 18
 factual basis for the plea is later determined not to
 
 
 19
 constitute a crime. Id.
 
 
 20
 In this case, David contends that Bailey v. United States, 116 S.Ct. 501 (1995)
 
 
 21
 changed Tenth Circuit law regarding what facts constitute
 
 
 22
 "use" of a firearm in relation to a drug trafficking offense
 
 
 23
 under 18 U.S.C. § 924(c)
 
 
 24
 , and that there is no factual basis for finding that he
 
 
 25
 "used" a firearm under Bailey
 
 
 26
 's definition.[3] We have previously held we
 
 
 27
 will entertain such claims, and that Bailey
 
 
 28
 applies retroactively to cases on collateral review. Barnhardt, 93 F.3d at 708.
 
 
 29
 Our analysis treats the district court's acceptance of a
 
 
 30
 guilty plea as a finding of an adequate factual basis for
 
 
 31
 the plea, and we review that finding for clear error. A
 
 
 32
 finding of fact is clearly erroneous if the record contains
 
 
 33
 no support for it, or if our review of the evidence leaves
 
 
 34
 us with "a definite and firm conviction that a mistake has
 
 
 35
 been made." Id. at 710.
 
 
 36
 In his brief to us, David concedes that the seized videos show him "using" firearms. Moreover, the facts stipulating that he discharged the firearms clearly support such a finding. Appellant's Br. at 11. Nonetheless, David attempts to expand Bailey 's reach beyond the question of whether he "used" a firearm, contending that the videos offer no evidence that his recorded use was "in relation to" a drug trafficking crime. However, Bailey did not address the "in relation to" element of § 924(c). Rather, at the time David entered his plea, the Court had clearly defined the expansive parameter of that element:
 
 
 37
 According to Webster's, "in relation to" means "with reference to" or "as regards." Webster's New International Dictionary, at 2102. The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. As one court has observed, the "in relation to" language "allay[s] explicitly the concern that a person could be" punished under § 924(c)(1) for committing a drug trafficking offense "while in possession of a firearm" even though the firearm's presence is coincidental or entirely "unrelated" to the crime. United States v. Stewart, 779 F.2d 538, 539 (CA9 1985) (Kennedy, J.). Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense. Id., at 540. Accord, United States v. Ocampo, 890 F.2d 1363, 1371-1372 (CA7 1989); 957 F.2d, at 837.
 
 
 38
 Smith v. United States, 508 U.S. 223, 237-38 (1993); see also Richardson, 86 F.3d at 1548 n. 5 (noting that the "question of whether a weapon was used ... 'during and in relation to' a drug trafficking offense" is distinct from our pre-Bailey "use" requirement that the firearm be an integral part of the criminal undertaking).
 
 
 39
 Accordingly, since Bailey did not affect the clearly established "in relation to" element of § 924(c), the general rule respecting guilty pleas applies, and David's plea constituted a waiver of any claim that there was no factual basis for that element of the offense.
 
 
 40
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 David does not attack his pleas to counts one, four, and six
 
 
 [2]
 These are the firearms listed in count five. Response at 2
 
 
 [3]
 At the time David entered his plea, the government could prove a defendant's "use" under § 924(c) by demonstrating his "ready access" to a firearm which was an integral part of the drug trafficking crime and which increased the likelihood of that crime's success. United States v. Richardson, 86 F.3d 1537, 1547 (10th Cir.) (citing United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989)), cert. denied, 117 S.Ct. 588 (1996). Bailey v. United States, 116 S.Ct. 501 (1995) has overruled our prior cases, making it clear that a conviction for "use" under § 924(c) does not subsume "carry" and cannot be predicated upon mere possession. Id. at 508-09. Rather, "use" requires a showing that the defendant "actively employed" (e.g. brandished, displayed, fired or attempted to fire) the firearm. Id. at 508