**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KARL T. CROSBY,

Defendant-Appellant.

No. 96-1114
(D.C. No. 96-S-8)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Karl T. Crosby appeals the district court's denial of a motion pursuant to 28 U.S.C. § 2255, wherein the district court found no defect in defendant's conviction for carrying a firearm in violation of 18 U.S.C. § 924(c), even in the aftermath of Bailey v. United States, 116 S. Ct. 501 (1995). On de novo review, see United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996), we agree that Bailey does not affect this case.

Petitioner was arrested after consummating a drug transaction while seated in the back seat of a car driven by an agent of the Drug Enforcement Agency. Petitioner's car was parked approximately three feet from the car in which the transaction actually occurred. After petitioner was taken into custody, a search of his vehicle revealed a loaded .380 Browning semi-automatic pistol underneath the driver's side seat.

This appeal concerns "the application of Bailey in a case where the defendant pled guilty to a charge that he used or carried a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)," and our inquiry is "whether there is an adequate factual basis for his guilty plea." United States v. Barnhardt, 93 F.3d 706, 709-10 (10th Cir. 1996). Our analysis treats a district court's acceptance of a guilty plea as a finding of an adequate factual basis for the plea, and we review that finding for clear error. See id.. at

710.  If we find facts supporting either "use" or "carry" under § 924(c)(1), the conviction must be sustained.  See id. at 710-11.

Petitioner argues that the modification of the law relative to the circumstances constituting "use" of a firearm in relation to a drug trafficking offense effected by the Supreme Court in Bailey should afford him relief.  We disagree.

We agree with petitioner's argument that, in light of Bailey, the facts do not  support a conviction for "use" of a firearm under § 924(c)(1).  However, Bailey does not conflict with or impact this circuit's line of cases respecting the "carry" prong of § 924(c)(1).  See United States v. Miller, 84 F.3d 1244, 1259-60 (10th Cir.), cert. denied, 117 S. Ct. 443 (1996) (collecting cases).  Specifically, those cases hold that when a car is used, "carrying a weapon" denotes "a less restrictive meaning than carrying on the person."  United States v.  Cardenas, 864 F.2d 1528, 1535 (10th Cir. 1989).  Since the means of carrying is the car itself, rather than the defendant's person, the weapon need not be readily at hand, so long as the defendant knowingly exercises dominion and control over it.  See Miller, 84 F.3d at 1258-59 (citing Cardenas, 864 F.2d at 1535-36, as supplemented by United States v. Ross, 920 F.2d 1530, 1532 (10th Cir.1990)).  Thus, when a car is involved, the government must prove only "that the defendant transported a firearm in a vehicle and that he had actual or constructive

possession of the firearm while doing so." Id. at 1259.  Contrary to petitioner's argument, the government need not prove that a defendant intended to use the gun.

As mentioned above, petitioner's loaded semi-automatic was under the front seat of his car which was parked three feet from the car in which the drug trafficking offense took place.  Petitioner does not deny ownership of the gun and knowing it was in his car.  We agree with the district court that the loaded gun had been transported in petitioner's vehicle and was available to petitioner, in close proximity to where he effectuated his illegal drug transaction.  See . Vol. I at 23-24.  Accordingly, the district court did not err in concluding that petitioner transported the weapon and possessed the requisite dominion and control over it to support his guilty plea for "carrying" under § 924(c)(1).

Petitioner's application to proceed in this court in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-4-