**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

AUG 1 1997

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERNEST EARL CORRIGAN,

    Defendant-Appellant.

No. 96-1354
(D.C. No. 96-B-704)
(CO)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Ernest Corrigan was indicted on charges of conspiracy to distribute methamphetamine, distribution of methamphetamine, being a felon in possession

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of a firearm, and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.§ 924(c). He entered into a plea agreement under which he pled guilty to the drug conspiracy charge and the section 924(c) charge. After his conviction and sentencing, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995), in which the Court rejected the broad definition of "use" employed by this circuit in interpreting section 924(c) at the time Mr. Corrigan pled guilty. He now brings this action under 28 U.S.C. § 2255, asserting that his conviction under section 924(c) cannot stand in light of Bailey. The district court denied relief and Mr. Corrigan appeals. We affirm.

Mr. Corrigan argues that under Bailey there was no factual basis for his plea of guilty to the section 924(c) charge.[1] We have previously addressed the retroactive application of Bailey in a section 2255 case when, as here, the defendant pled guilty to a charge that he used or carried a firearm in violation of section 924(c). See United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996).[2] We held that the determination of such a motion "depends on whether

[1] Despite Mr. Corrigan's guilty plea, he may assert that the factual basis for his plea does not constitute a violation of section 924(c). See United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996).

[2] In Barnhardt, the indictment charged the defendant with using or carrying a firearm, 93 F.3d at 709, while Mr. Corrigan was charged with using and carrying a firearm. This difference is not significant. "It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in

there is an adequate factual basis for his guilty plea." Id. at 709-10.

The factual basis for the guilty plea to which Mr. Corrigan stipulated in his plea agreement contains the following facts.

> On April 4, 1995, the confidential informant went to the Chateau Motel in Colorado Springs and saw Jason Chavez and Kim Falkenberg in the room. Jason Chavez purchased two small baggies of methamphetamine from Corrigan. The confidential informant purchased 1/8 ounce of methamphetamine from Corrigan, and observed Corrigan with a .380 pistol in his back pocket during the transaction.

Rec., vol.I, attach. 2 at 5.

In Bailey, the Supreme Court held that to satisfy the "use" prong of section 924(c), the evidence must be "sufficient to show an *active employment* of the firearm." 116 S. Ct. at 505. "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. The definition does not include "mere possession of a firearm by a drug offender, at or near the site of a drug crime." Id.

We need not decide whether, under this construction, the factual basis for Mr. Corrigan's plea established that he "used" the firearm within the meaning of Bailey by "displaying" it, because Mr. Corrigan was charged with using and

---

the conjunctive, and thereafter proven in the disjunctive." United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976).

carrying a firearm during and in relation to a drug trafficking offense. The Court in Bailey stated that "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." Id. at 507. Here, Mr. Corrigan stipulated in his plea bargain that he carried a firearm in his pocket, visible to view, during a drug sale. These stipulated facts are clearly a sufficient basis for his plea to the charge of carrying a firearm during and in relation to a drug offense. Accordingly, Bailey provides no basis for setting his plea aside. United States v. Holland, No 96-1102, 1997 WL 364290, at n.4 (10th Cir. July 2, 1997).

We conclude that Mr. Corrigan has failed to demonstrate the denial of a constitutional right by showing the issues raised in his appeal are debatable among jurists; that a court could resolve the issues differently; or that the questions deserve further proceedings. The certificate of appealability is DENIED and the appeal is DISMISSED. 28 U.S.C. § 2253(c)(2); Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996). Moreover, because the appeal is frivolous, we deny leave to proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge