**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM HERBERT HARWOOD,

    Defendant - Appellant.

No. 98-7010
(D.C. No. 97-CR-37-B)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** , **McKAY** and **LUCERO** , Circuit Judges.

---

Mr. Harwood appeals his conviction for violation of 18 U.S.C. § 924(c)(1), using and carrying firearms during and in relation to a drug trafficking crime, and asserts that the district court erred in refusing to postpone his sentencing until his collateral attack on his prior conviction could be heard. Harwood's attorney has determined that Harwood's appeal is wholly frivolous. He has therefore filed both a motion to withdraw as attorney of record and a corresponding Anders brief

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

outlining Harwood's apparent grounds for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Anders requires that such a brief must refer to "anything in the record that might arguably support the appeal." Id. Consistent with this requirement, counsel identified the following two arguments that Harwood wished to raise on appeal: (1) insufficient factual basis exists to sustain a conviction for violation of 18 U.S.C. § 924(c)(1); and (2) the sentencing court erred in refusing to postpone sentencing until Harwood's collateral attack on his prior conviction could be heard.

A copy of counsel's brief was furnished to Harwood, and he was given the opportunity to respond or to raise any additional points. He has not done so. Based on our own independent examination of the proceedings, we conclude that each of Harwood's claims is wholly without merit. Exercising our jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and affirm Harwood's conviction.

We reject Harwood's claim that insufficient factual basis exists to sustain his conviction for violation of 18 U.S.C. § 924(c)(1). When a defendant challenges evidentiary sufficiency with respect to a charge to which the defendant has pled guilty, "it is necessary only that the court 'make[s] such inquiry as shall satisfy it that there is a factual basis for the plea.'" United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996) (quoting Fed. R. Crim. P. 11(f)). "The acceptance

of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." Id. at 710 (further citations omitted). Accordingly, we will accept the district court's finding of fact unless it is clearly erroneous. Id. Upon review of the transcript of change of plea in this case, it is clear that an adequate factual basis exists to support Harwood's guilty plea. We also accept the district court's finding that the plea was voluntary and made with an understanding of the charge and its consequences.

We reject the contention that the district court erred when it refused to postpone Harwood's sentencing until a collateral attack on his prior conviction could be heard. The defendant bears the burden of proving the invalidity of a prior conviction used for sentence enhancement. See United States v. Wicks, 995 F.2d 964, 977-78 (10th Cir. 1993). Harwood received a sentence enhancement under the provisions of 18 U.S.C. § 924(c)(1) based on a prior conviction. A review of the sentencing transcript indicates that the district court adhered to the relevant procedures for establishing the existence of the predicate offense. See 21 U.S.C. § 851. The government prepared and filed an information to establish the prior conviction in accordance with 21 U.S.C. § 851(a)(1). Prior to imposition of the sentence, Harwood raised his assertion that the predicate sentence was invalid because of Bailey v. United States, 516 U.S. 137 (1996), indicating that separate counsel was representing him in those proceedings. The

- 3 -

sentencing court concluded that the predicate sentence was valid for the purposes of the sentencing proceeding, and acknowledged that if the predicate sentence were invalidated, the court would "address that matter when the time comes." III R. at 9. See Custis v. United States, 511 U.S. 485, 497 (1994) (noting that a defendant who successfully challenges a predicate offense may apply for reopening of a federal sentence enhanced by that offense). In light of these circumstances, we conclude that the district court did not err in refusing to postpone sentencing until Harwood's collateral attack on his prior conviction could be heard.

**AFFIRMED.** Counsel's request to withdraw is **GRANTED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge