83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee GORECKI, Defendant-Appellant.
 No. 95-4129.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and SETH,[2] Circuit Judges, and BRIMMER,*** District Judge.
 
 
 2
 BROBY, Circuit Juge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Defendant, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. We affirm.
 
 
 5
 Defendant was convicted of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. 841(a)(1) and carrying and using a firearm during drug trafficking in violation of 18 U.S.C. 924(c). He was sentenced to thirty-three months' imprisonment on the drug offense and sixty months' mandatory consecutive imprisonment on the firearm offense. This court affirmed the conviction. United States v. Green, 17 F.3d 1437 (10th Cir.1994)(table).
 
 
 6
 Subsequently, defendant moved for relief under 2255, alleging he received ineffective assistance of counsel at sentencing and on appeal because counsel did not ask for a downward departure for diminished mental capacity.[3] The magistrate judge concluded defendant received effective assistance of counsel and he failed to prove counsel's performance was deficient or a reasonable probability that his sentence would have been decreased but for counsel's decision not to raise an issue of alleged diminished mental capacity. Accordingly, the magistrate judge recommended the 2255 motion be dismissed. Defendant objected to the magistrate judge's report and recommendation and moved to amend his 2255 motion, due to an alleged intervening change in law, United States v. Lopez, 115 S.Ct. 1624 (1995)(requiring regulated activity to substantially affect interstate commerce). Defendant sought to assert that the district court lacked subject matter jurisdiction over his criminal case because 841(a) contains no jurisdictional element requiring proof of a nexus to interstate commerce and therefore it violates the Commerce Clause. The district court refused to permit amendment, concluding the assertion lacked merit and failed to make even a prima facie showing that defendant's conviction was invalid. The district court adopted the magistrate judge's report and recommendation and dismissed the case.
 
 
 7
 * Defendant's first argument on appeal relates to the Commerce Clause claim. Because the district court denied leave to amend to add this claim, we liberally construe defendant's pro se arguments to include an assertion that the district court erred in denying leave to amend. See Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 8
 We conclude the district court erred in denying leave to amend. Defendant moved to amend before the government had been served or filed a responsive pleading, see Cox v. Warden, 911 F.2d 1111, 1114 (5th Cir.1990), or before the case was dismissed, see Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir.1995). Therefore, defendant was entitled to leave to amend as a matter of right. See Fed.R.Civ.P. 15(a); see also Rule 12 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. 2255 (permitting application of Federal Rules of Civil Procedure when appropriate).
 
 
 9
 Under the circumstances of this case, where defendant raised a legal issue decided by the district court to be meritless, we consider defendant's Commerce Cause argument on its merits rather than remand for further proceedings. Defendant continues to argue on appeal that the district court lacked subject matter jurisdiction over his criminal case because his activities were beyond the power of Congress to regulate since the activities had no substantial effect on interstate commerce as required by the Commerce Clause of the Constitution. Defendant interprets Lopez as prohibiting regulation of purely intrastate activities involving controlled substances. Also, he argues that 841(a)(1) contains no jurisdictional requirement of proof of a nexus to interstate commerce. Defendant believes that in enacting 841(a)(1) Congress assumed a power that can only be granted by constitutional amendment.
 
 
 10
 We review defendant's constitutional challenge to 841(a)(1) de novo. See United States v. Bolton, 68 F.3d 396, 398 (10th Cir.1995), cert. denied, 116 S.Ct. 966 (1996). This court recently rejected a similar constitutional challenge and held that "Lopez does not alter our previous conclusion [in United States v. King, 485 F.2d 353, 356 (10th Cir.1973) ] that 21 U.S.C. 841(a)(1) is constitutional." United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir.1995)(addressing whether 841(a)(1) violates the Tenth Amendment by impermissibly regulating intrastate activities not substantially affecting interstate commerce); see also United States v. Brown, 72 F.3d 96, 96 (8th Cir.1995); United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir.1995); United States v. Bramble, 894 F.Supp. 1384, 1395 (D.Haw.1995); United States v. Gonzalez, 893 F.Supp. 935 (S.D.Cal.1995). In contrast to Lopez, "the conduct regulated ... clearly implicates interstate commerce, and Congress made explicit findings explaining the conduct's 'substantial and direct effect upon interstate commerce.' " Wacker, 72 F.3d at 1475 (citing 21 U.S.C. 801(3)-(6)).
 
 
 11
 We conclude defendant's Commerce Clause argument is without merit. Because it warrants no relief, defendant was not prejudiced by the denial of his motion to amend. See Cox, 911 F.2d at 1114.
 
 II
 
 12
 Defendant also continues to argue on appeal that he received ineffective assistance of counsel because counsel did not seek a downward departure under Sentencing Guidelines 5K2.13 for his alleged diminished mental capacity. He contends that despite counsel's awareness of his diminished mental capacity, counsel did not assert diminished mental capacity at sentencing.
 
 
 13
 We review claims of ineffective assistance of counsel de novo. Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir.1995), cert. denied, 116 S.Ct. 936 (1996). We, however, accept the district court's factual findings unless they are clearly erroneous. Id. After consideration of the briefs and appellate record, we conclude the district court correctly determined that defendant received effective assistance of counsel and failed to show that counsel's performance was deficient or that but for counsel's alleged unreasonable conduct he would have been entitled to a downward departure for diminished mental capacity. Accordingly, we affirm for substantially the reasons stated by the magistrate judge in his report and recommendation of May 12, 1995, and adopted by the district court on June 16, 1995.
 
 
 14
 The judgment of the United States District Court for the District of Utah is AFFIRMED.[4] In accordance with Fed. R.App. P. 35(b), defendant's suggestion for en banc consideration of this appeal was circulated to all judges of the court in regular active service. No member of the panel or the court has requested a poll. Therefore, defendant's suggestion for en banc consideration is DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Judge Seth died March 27, 1996. However, he had fully considered the matter and voted prior to his death
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [3]
 Defendant also alleged a violation of the Double Jeopardy Clause. He does not continue to assert this allegation on appeal
 
 
 [4]
 Defendant has not challenged the facts underlying his 924(c)(1) conviction. Thus, we do not now address the applicability of the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995)(defining use of a firearm). The disposition of this appeal, however, is without prejudice to a future 2255 motion based on the alleged applicability of Bailey