**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 11/5/96**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS B. RUTH,

Defendant - Appellant.

No. 96-3140

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 96-3030-EEO)**

---

Submitted on the briefs:

Thomas B. Ruth, pro se.

Robin D. Fowler, Assistant U.S. Attorney (Jackie N. Williams, U.S. Attorney, with him on the brief), Kansas City, KS, for Appellee.

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

TACHA, Circuit Judge.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

On November 30, 1989, Thomas Ruth pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and one count of using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On January 22, 1996, Ruth filed a petition for federal habeas corpus relief under 28 U.S.C. § 2255 in the district court.  Ruth challenged his conviction based on (1) lack of a factual basis for the firearms charge in light of the Supreme Court's recent decision in Bailey v. United States, 116 S. Ct. 501 (1995) and (2) ineffective assistance of counsel.  The district court denied the petition on April 3, 1996.  We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm the district court's denial of the petition.[1]

On appeal, Ruth first claims that his firearms conviction cannot stand in light of the Supreme Court's recent decision in Bailey v. United States, 116 S. Ct. 501 (1995).  As we explained in United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996), the level of scrutiny of the factual basis for a conviction under section 924(c)(1) depends on whether the defendant pleaded guilty or was convicted by a jury.  When a defendant

---

[1]We note that Ruth filed his notice of appeal on April 12, 1996.  This date is prior to the President's signing of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.  The statute now requires a federal prisoner appealing a denial of a section 2255 petition to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  "We do not read the statute to call for the dismissal of appeals that were properly filed before its enactment, and we therefore conclude that [Ruth's] appeal must be resolved on the merits."  Herrera v. United States, -- F.3d --, 1996 WL 536913, at *1 (7th Cir. Sept. 23, 1996) (citing Landgraf v. USI Film Prods., 114 S. Ct. 1483, 1502 n.29 (1994)).

pleads guilty, a court must only "'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.'" Id. (quoting Fed. R. Crim. P. 11(f)); see also United States v. Blair, 54 F.3d 639, 643 (10th Cir.), cert. denied, 116 S. Ct. 220 (1995). In this case, Ruth plead guilty to knowingly and willfully using or carrying a firearm.

In Bailey, 116 S. Ct. at 505, the Court held that in order to be convicted under the "use" prong of section 924(c)(1), a defendant must have actively employed a firearm. While the meaning of "carries" in section 924(c)(1) was not directly before the Court, the Court addressed its meaning as part of its consideration of the statute:

> Under the interpretation we enunciate today, a firearm can be used without being carried, e.g., when an offender has a gun on display during a transaction, or barters with a firearm without handling it; and a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction.

Id. at 507.

In the wake of Bailey, this court has had the opportunity to construe the "carry" prong of section 924(c)(1). Although Bailey did not define "carry," the decision "suggests that neither storage nor possession of a gun, without more, satisfies the 'carry' prong of § 924(c)(1)." United States v. Spring, 80 F.3d 1450, 1464 (10th Cir. 1996), petition for cert. filed, (June 25, 1996) (No. 95-9420). Yet, "[w]e see nothing in Bailey that conflicts with our pre-Bailey 'vehicular carrying' line of cases." United States v. Miller, 84 F.3d 1244, 1260 (10th Cir. 1996). In the context of a firearm found in a vehicle, as is the case here, to show that the defendant carried a firearm under section 924(c)(1), the government must prove that the defendant "simultaneously possessed,

through dominion and control, and transported a firearm." Id.; see also United States v. Ross, 920 F.2d 1530, 1536-37 (10th Cir. 1990) (holding that "the jury could have reasonably found that [the defendant] carried the gun with him in his car during and in relation to his drug distribution activities" when the police discovered a firearm and drug paraphernalia in the trunk).

We conclude that the facts in this case support Ruth's conviction of carrying a firearm in violation of section 924(c)(1) under Spring, Miller, and Ross. During the plea allocution, the government stated:

> During this particular transaction, September 25th, the transaction took place in Thomas Ruth's car. He had in the car with him at that time a .38 caliber Smith & Wesson. . . . . On several occasions Thomas Ruth discussed guns that he owned. The fact that a .25 caliber wouldn't stop anyone but a .38 would. About the power of a .44 Magnum that he had. About the utility of the laser scope that he had. He, on tape, tells the confidential informant that he keeps a Uzi under the couch where the informant happens to be sitting. There are all these sorts of discussions regarding his use of weapons during cocaine transactions.

When the court then asked if he "knowingly and willfully used or carried a firearm," the defendant responded affirmatively. Based on these facts, we hold that the district court did not err in denying Ruth's petition for habeas corpus relief under section 2255.

Our holding also disposes of Ruth's ineffective assistance of counsel claim. In order to succeed on such a claim, the defendant must demonstrate that his counsel's performance was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Ruth has failed to show any

prejudice as a result of counsel's alleged deficiencies. Thus, we **AFFIRM** the district court's denial of Ruth's petition for habeas corpus relief.