**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

RONALD LEE GORECKI,

      Defendant - Appellant.

No. 96-4092
(D.C. No. 96-CV-94-J)
(D. Utah)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

      Defendant Ronald Lee Gorecki appeals the district court's denial of his second

28 U.S.C. § 2255 motion challenging his convictions for possession of a controlled

substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D),

and for carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C.

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

§ 924(c)(1). Mr. Gorecki raises four issues in his motion, however, he has waived three of the four—that the testimony of Wesley James Long should not have been permitted at trial, that his right to due process and a fair and impartial trial were violated, and that he was denied the right to cross-examine witnesses—because he failed to raise these issues in his first § 2255 motion. See United States v. Gorecki, 83 F.3d 434 (table), 1996 WL 211740 (10th Cir. Apr. 30, 1996). Furthermore, Mr. Gorecki has shown neither "cause for failing to raise [these issues] and prejudice therefrom" nor that a "fundamental miscarriage of justice would result from failure to entertain the claim[s]." United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993) (quotation omitted).

As the government concedes, Mr. Gorecki may raise in this motion his fourth issue, which challenges the sufficiency of the evidence supporting his 18 U.S.C. § 924(c)(1) conviction. United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996) (Bailey v. United States, 116 S. Ct. 501 (1995), applies retroactively to cases on collateral review).

A person violates § 924(c)(1) by using or carrying a firearm during a drug trafficking offense. The indictment alleged that Mr. Gorecki used and carried a firearm during the predicate offense. Bailey has confined the definition of use under § 924(c) to "active employment" of a firearm. 116 S. Ct. at 505. Bailey did not disturb the case-law definition of carry, United States v. Ruth, 100 F.3d 111, 113 (10th Cir. 1996), which requires that the defendant "simultaneously possessed, through dominion and control, and

transported a firearm." Id. (quotation omitted). The government concedes that the jury instruction regarding "use and carry" given at Mr. Gorecki's trial was erroneous as we now understand those terms.[1] Despite overwhelming evidence that Mr. Gorecki's involvement with firearms during his drug-trafficking offense amounted to carrying those weapons, we are constrained by circuit precedent. We have held that, under these circumstances, we must reverse "unless we can determine with absolute certainty that the jury based its verdict on the ground on which it was correctly instructed." United States v. Miller, 84 F.3d 1244, 1257 (10th Cir. 1996). We note that this standard seems impossible to meet. Under the instructions given, the jury might have found Mr. Gorecki guilty of using a firearm without finding that he actively employed it. Given this uncertainty, we must reverse. United States v. DeSantiago-Flores, 1997 WL 85000, at *4 (10th Cir. Feb. 28, 1997).

REVERSED and REMANDED for a new trial on the § 924(c) count. Mr. Gorecki

---

[1]Jury Instruction No. 34 stated:

In order for the government to sustain its burden of proof that the defendant used or carried one or more firearm(s), it is not necessary to prove that the defendant fired the weapon or even showed the weapon during the alleged drug trafficking crime. It is sufficient to prove that the firearm was a means of safeguarding and facilitating the possession of the controlled substance with the intent to distribute the controlled substance.

A firearm is "used" when a defendant had ready access to it and the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed. A defendant had ready access to a firearm if it was available to the defendant in the vicinity where the drug trafficking offense took place.

is granted a certificate of appealability under 28 U.S.C. § 2253(c)(1).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge