F I L E D
United States Court of Appeals
Tenth Circuit

OCT 3 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARVIN THOMAS,

     Defendant-Appellant.

No. 96-2294
(D.C. No. CIV 96-95 SC/WWD
CR-94-410 SC)
(Dist. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Appellant Marvin Thomas ("Thomas") appeals from the district court's denial of his 28 U.S.C. § 2255 motion. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On June 15, 1994, Thomas pled guilty to two counts of carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Thomas was arrested after delivering more than five grams of crack cocaine to an undercover officer waiting in a hotel room. The firearm was found in Thomas's car by police who observed him drive to the delivery and then drive away with marked cash from the transaction. Thomas asserts that because the law governing the "carry" prong of 18 U.S.C. § 924(c) was altered by the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995), his guilty plea is unsupported by the factual record.

Thomas requests that we grant him a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B)(West Supp. 1997). However, Thomas filed his initial § 2255 motion in the district court on January 22, 1996. On April 24, 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996. ("AEDPA"). One of the requirements of the AEDPA is that any federal prisoner bringing a § 2255 challenge of his sentence must first obtain a certificate of appealability upon showing the denial of a constitutional right. 28 U.S.C. § 2253 (c)(2) (West Supp. 1997). However, according to the Supreme Court's decision in Lindh v. Murphy, 117 S.Ct. 2059 (1997), § 2255 motions filed in the district court before April 24, 1996 are not subject to the provisions of the AEDPA. Id. at 2063-68. Before the AEDPA was passed, federal prisoners were not required to

seek any sort of certification in order to proceed with their § 2255 appeals. Thus, Thomas is not required to seek a certificate of appealability for his § 2255 motion. Instead, we examine his appeal on the merits.

We find that Thomas's appeal fails as a matter of law. Appellant argues that the factual record does not support his § 924(c) vehicular carry guilty plea. However, as the district court aptly points out, the long-established law in this circuit regarding the "carry" prong of 18 U.S.C. § 924(c) simply requires that the defendant have actual or constructive access to and knowingly transport the weapon in question in the defendant's vehicle. See United States v. Miller, 84 F.3d 1244, 1260 (10th Cir. 1996), *overruled on other grounds by* United States v. Holland, 116 F.3d 1353 (10th Cir. 1997). The law governing the term "carry" under 18 U.S.C. § 924(c) was not changed by Bailey. See Miller, 84 F.3d at 1260 ("We see nothing in Bailey that conflicts with our pre-Bailey "vehicular carrying" line of cases.").

Thomas admits in the "Statement of Undisputed Material Facts" section of his amended § 2255 motion that the gun in question was located underneath the passenger-side front seat of the vehicle. (Tr. Rec. vol. I at 15.) The "carry" prong of 18 U.S.C. § 924(c) is met when the defendant has easy access to the weapon. See United States v. Ruth, 100 F.3d 111,113 (10th Cir. 1996); Miller, 84 F.3d at 1258-60; United States v. Spring, 80 F.3d 1450, 1464-65 (10th Cir.

1996); see also United States v. McDonald, 933 F.2d 1519, 1526 (10th Cir. 1991) ("carrying" satisfied where gun was stored under driver's seat). Under this circuit's case law storage under the passenger-side front seat of one's vehicle clearly qualifies as easy access. Thomas's argument fails as a matter of law.[1]

Thomas also asserts that the firearm found in his vehicle was not an integral part of the drug transaction underlying his conviction, as the transaction occurred in the motel room of his co-defendant and no drugs were found in Thomas's car. However, as the district court points out, this was not an issue in Bailey and could have been raised by Thomas on direct appeal. Lacking cause and prejudice Thomas is barred from raising this issue as a ground for his § 2255 motion. See United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996).

Thus for substantially the same reasons set out in the district court's Memorandum Opinion and Order of October 25, 1996 the judgment of the District Court of New Mexico is AFFIRMED.

The mandate shall issue forthwith.

---

[1] Thomas further asserts that this circuit has held that, in cases in which the weapon was not within immediate reach of the defendant, we look to the proximity of the weapon to the illegal drugs in question. Because the gun here was located in a clearly accessible place in the vehicle we need not address this question.

-4-

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge