**F I L E D**
United States Court of Appeals
Tenth Circuit

**NOV 7 1997**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOMAS EDWARD ELROD,

    Defendant - Appellant.

No. 97-4090

(D. Utah)

(D.C. No. 96-CV-343 G)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tomas Edward Elrod appeals from the district court's dismissal of his 28 U.S.C. § 2255 petition to vacate, set aside, or correct an illegal sentence. We affirm the district court's dismissal of the petition.[1]

Petitioner pleaded guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).[2] In the original judgment entered in July 1989, the district court sentenced petitioner to 114 months' imprisonment; a modified judgment was entered in June 1993.

In April 1996, petitioner filed in district court his § 2255 motion asking the court to vacate his sentence for the offense of using or carrying a firearm in relation to a drug trafficking offense, asserting that his conviction is now improper based on the Supreme Court's ruling in Bailey v. United States, 116 S. Ct. 501 (1995). In particular, petitioner argued that the Court's more narrow interpretation of the "use" prong of § 924(c) should apply equally to the "carry"

_____

[1]Because petitioner filed his § 2255 motion in the district court on April 17, 1996, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, a certificate of appealability is not required. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997).

[2]Petitioner was also charged in a separate indictment with one count of possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a). Petitioner pled guilty to this charge as well and is currently serving time in the custody of the California State Penal System.

prong, thus invalidating his guilty plea. The U.S. Magistrate Judge issued his Report and Recommendation in January 1997, recommending the petition be denied. In June 1997, the district court approved the recommendation of the magistrate and denied petitioner's § 2255 motion.

Because petitioner was convicted pursuant to a guilty plea rather than a jury trial, we must only "'mak[e] such inquiry as shall satisfy [us] that there is a factual basis for the plea.'" United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996) (quoting Fed. R. Crim. P. 11(f)). Accordingly, the determination of petitioner's motion depends on whether there is an adequate factual basis for his guilty plea. Id. at 709-10; United States v. Ruth, 100 F.3d 111, 112 (10th Cir. 1996).

> "The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea." Therefore, our review is under the clearly erroneous standard, and a finding of fact is not clearly erroneous unless it is without factual support in the record or, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made.

Barnhardt, 93 F.3d at 710 (citations omitted).

Although Bailey effectively overruled our prior cases relating to the "use" prong of § 924(c), there is "nothing in Bailey that conflicts with our pre-Bailey 'vehicular carrying' line of cases.[3] United States v. Miller, 84 F.3d 1244, 1259

---

[3]In fact, although petitioner asserts that the "use" analysis applied by the Supreme
(continued...)

(10th Cir.) cert. denied, 117 S. Ct. 443 (1996), and overruled on other grounds by United States v. Holland, 116 F.3d 1353 (10th Cir. 1997). As such, our pre-Bailey carrying cases, holding that the government is required to prove "only that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so," are still valid. Miller, 84 F.3d at 1259; see also United States v. Richardson, 86 F.3d 1537, 1548 (10th Cir. 1996) ("A conviction under the 'carry' prong of section 924(c)(1) requires possession of the firearm through dominion and control, and transportation or movement of the weapon."). In this case, although petitioner did not "use" the firearm as Bailey defines "use" in terms of § 924(c), it is clear that petitioner carried a firearm. He admitted at the time of his arrest that he had a firearm in his vehicle, and a 9mm pistol was subsequently found along with other drug paraphernalia.[4] Petitioner's Br. at 4; Respondent's Br. at 2. Because we find that petitioner's conduct meets the definition of "carry" under § 924(c), we conclude

---

[3](...continued)
Court in Bailey should be applied equally to the "carry" prong of § 924(c), it is clear that this is not what the Court intended. As the Court stated, "Congress used two terms [i.e., "uses" and "carries"] because it intended each term to have a particular, nonsuperfluous meaning." Bailey, 116 S. Ct. at 507.

[4]We acknowledge that petitioner and the government disagree over whether the firearm was found in an unlocked suitcase behind the passenger seat or in the bed of his truck. Respondent's Br. at 2. However, we do not find this disagreement significant.

-4-

that he has suffered no prejudice from the change in the law with respect to "use"

and that there is an adequate factual basis for his plea.[5]

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[5]Petitioner also argues that there is insufficient evidence that he used or carried a firearm "during and in relation to" the drug offense as that phrase was interpreted by the Supreme Court in Smith v. United States, 508 U.S. 223 (1993). Petitioner's Br. at 10-11. To the extent that our pre-Smith and pre-Bailey cases presume a connection between guns and drug trafficking if the defendant had access to a weapon during a drug offense, petitioner urges that these precedents be overruled. Petitioner's Br. at 11 n.6; see, e.g., United States v. Coslet, 987 F.2d 1493, 1495 (10th Cir. 1993). We disagree, and conclude that there has been no change in the law with respect to that portion of the statute. See United States v. Holland, 116 F.3d 1353, 1359 (10th Cir. 1997) (stating that the "'during and in relation to' element was not affected by the holding in Bailey"). The law was, and still is, that the firearm must have some purpose or effect with respect to the drug trafficking crime and that the gun must at least facilitate or have the potential of facilitating the drug trafficking offense. Smith, 508 U.S. at 237-38. That standard is met here.