FILED
United States Court of Appeals
Tenth Circuit

January 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

    Defendant - Appellant.

No. 15-3281
(D.C. Nos. 6:15-CV-01154-JTM and
6:12-CR-10174-JTM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Philip Grigsby requests a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2255 motion. Because reasonable jurists could not debate

the merits of Grigsby's claims, we deny a COA and dismiss the appeal.

**I**

Grigsby pled guilty to multiple counts of sexual exploitation of a minor, one

count of possessing child pornography, and one count of being a felon in possession

of a firearm. He was sentenced to 260 years' imprisonment, a sentence we affirmed

on direct appeal. United States v. Grigsby, 749 F.3d 908 (10th Cir. 2008). Grigsby

now seeks a COA to appeal the district court's denial of his motion, arguing his plea

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was not knowing and voluntary, and that his counsel was ineffective at the sentencing phase.

## II

Grisby may not appeal the district court's denial of his § 2255 motion without a COA. § 2253(c)(1)(B). When a district court has rejected a constitutional claim on the merits, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" for a COA to be granted. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Construing Grigsby's pleadings liberally, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), he argues there is no proof in the record that his counsel informed him of the consequences of a guilty plea, and thus his plea was not knowing or voluntary. "[T]o determine whether a plea is voluntary, a court must assess whether the defendant fully understood the consequences of the plea." United States v. Williams, 919 F.2d 1451, 1456 (10th Cir. 1990). We review the voluntariness of a plea de novo. Id. at 1455.

The thorough work of the district court demonstrates that Grigsby's plea was knowing, intelligent, and voluntary. During a lengthy colloquy with Grigsby, the district court ensured that he understood each of the ten charges to which he was pleading guilty, reviewed the potential sentence for each count, explained to Grigsby that he was pleading guilty without any sort of agreement, made sure that Grigsby had reviewed each of the charges with his attorney, and informed Grigsby that by

pleading guilty, he was waiving his right to a jury trial. One colloquy is particularly clear:

> THE COURT: You're telling me that you have met at length with [your attorney], and that you fully understand each of the charges and the potential penalties?

> THE DEFENDANT: Yes, Your Honor, I accept responsibility for them all.

Moreover, Grigsby's attorney stated he had reviewed the charges and potential penalties for each offense carefully with Grigsby, and was satisfied that Grigsby understood both. Grigsby's plea was knowing, intelligent, and voluntary. No reasonable jurist could debate this holding.

Grigsby additionally claims that his attorney was deficient by failing to argue that the testimony of an expert witness was inadmissible at sentencing. A defendant's claim premised on ineffective assistance of counsel must show "his counsel's performance was so prejudicial that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Ruth, 100 F.3d 111, 113 (10th Cir. 1996). Grigsby argues that the expert's testimony was outside the scope of his expertise, but the only evidence Grigsby provides to support this claim is a civil suit he brought against the expert for fraudulent misrepresentation and malpractice, which was dismissed. Grisby v. Lemuz, 609 F. App'x 551, 552-53 (10th Cir. 2015) (unpublished). The admission of the claimed evidence would not alter the outcome of Grigsby's sentencing

-3-

hearing and thus his claim fails.  Reasonable jurists could not debate this result.

Grigsby separately argues that his attorney was ineffective for failing to argue for the admission of certain evidence about the sexual and medical history of one of his victims.  But it is unclear why he thinks this evidence is relevant.  To the extent Grigsby asserts the evidence would prove he did not commit the charged crime, his knowing guilty plea forecloses any collateral attack on the conviction.  See United States v. Broce, 488 U.S. 563, 569 (1989).  To the extent he argues such evidence would be relevant at the sentencing phase, he has not attempted to show that his sentence would be different if the district court had admitted this evidence during the sentencing hearing.  He thus has not demonstrated any error was prejudicial.  See Ruth, 100 F.3d at 113.

## III

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge