**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

    Defendant - Appellant.

No. 18-3014
(D.C. Nos. 6:12-CR-10174-JTM-1 &
6:15-CV-01154-JTM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **EID**, Circuit Judges.
_____

Philip Andra Grigsby pleaded guilty to child-pornography and firearms offenses and was sentenced to 260 years in prison. *United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014). Several years after being sentenced, Grigsby filed (1) a motion to correct his presentence report (PSR) and (2) a Fed. R. Civ. P. 60(b)(4) motion alleging that the criminal judgment was void. In a combined order, the district court denied the motion to correct and dismissed the Rule 60(b)(4) motion as an unauthorized second or

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

successive 28 U.S.C. § 2255 motion. The district court further denied a certificate of appealability (COA). Grigsby now appeals from the denial of the motion to correct and seeks a COA to appeal from the dismissal of the Rule 60(b)(4) motion. We affirm the denial of the motion to correct, and we deny a COA and dismiss that portion of the appeal that concerns the Rule 60(b)(4) motion.

## I. Denial of Motion to Correct

Grigsby's motion to correct asserted that based on his PSR, Bureau of Prisons psychological personnel had mistakenly concluded in a risk assessment that Grigsby's victim was an acquaintance, not his daughter. Grigsby therefore requested that the PSR be amended to indicate that his victim was his minor daughter. The district court denied relief, holding that the risk assessment "simply sets out the worker's *interpretation* of the PSR, but offers nothing in the way of any independent information showing that the PSR was erroneous." R., Vol. 1 at 54.

Fed. R. Crim. P. 36 enables a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Grigsby, however, has not pointed to any factual misinformation in the PSR. Rather, he complains that the PSR omitted certain information that he did not request earlier, but that he now would like to include (namely, that his victim was his minor daughter). As the district court held, Grigsby has failed to show any "error," much less the clerical type of error that is subject to correction under Rule 36, *see United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011); *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996).

2

## II. Dismissal of Rule 60(b)(4) Motion

Grigsby's Rule 60(b)(4) motion alleged the judgment was void because the indictment lacked specificity. The district court held that "[a]lthough styled as a Rule 60 motion, it is in fact a comprehensive attack on the conviction itself, and thus in reality is a successive 28 U.S.C. § 2255 [motion]." R., Vol. 1 at 54. Because this court had not authorized the motion, *see* 28 U.S.C. § 2255(h), the district court dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

To appeal from this decision, Grigsby must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). That requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before this court, Grigsby focuses on the merits of his underlying claims. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision to dismiss the Rule 60(b)(4) motion for lack of jurisdiction.

"A § 2255 motion is one 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or is otherwise subject to collateral attack.'" *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (quoting 28 U.S.C. § 2255(a)). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. Because Grigsby's motion alleged the district court lacked jurisdiction over his criminal

3

proceeding, no reasonable jurist could debate the district court's conclusion that it was effectively a § 2255 motion.

Grigsby has already pursued relief under § 2255. *See United States v. Grigsby*, 633 F. App'x 696, 697 (10th Cir. 2016) (denying a COA). He therefore cannot file another § 2255 motion without this court's authorization. 28 U.S.C. § 2255(h). It is undisputed that Grigsby did not obtain such authorization, and without authorization, the district court had no jurisdiction to consider the filing, *see Cline*, 531 F.3d at 1251. The district court's choices were to dismiss the filing or transfer it to this court for authorization, *see id.* at 1252, and no reasonable jurist could debate the decision to dismiss.

The denial of the motion to correct the PSR is affirmed. A COA is denied and the portion of the appeal challenging the dismissal of the Rule 60(b)(4) motion is dismissed.

Entered for the Court
Per Curiam
