**F I L E D**

**UNITED STATES COURT OF APPEALS**

AUG 1 1997

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RUSSELL SULLIVAN,

    Defendant-Appellant.

No. 97-7004
(D.C. No. 96-CV-28-S)
(EOK)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Russell Sullivan was convicted by a jury of numerous drug and firearms offenses. On appeal, we reversed and remanded for a new trial. See United States v. Sullivan, 919 F.2d 1403 (10th Cir. 1990). On remand, Mr. Sullivan pled guilty to conspiracy to manufacture amphetamine in violation of 21 U.S.C. § 846, using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Subsequently, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995), in which the Court rejected the broad definition of "use" for purposes of section 924(c) employed by this circuit at the time Mr. Sullivan pled guilty. He now brings this action under 28 U.S.C. § 2255, asserting that his conviction under section 924(c) cannot stand in light of Bailey, and that his counsel after remand was ineffective with respect to the plea proceedings. The district court denied relief. Mr. Sullivan appeals and we affirm.

The basis of Mr. Sullivan's ineffective assistance claim is his assertion that under Bailey there was no factual basis for his plea of guilty to the section 924(c) charge.[1] We have previously addressed the retroactive application of Bailey in a

---

[1] Despite Mr. Sullivan's guilty plea, he may assert that the factual basis for his plea does not constitute a violation of section 924(c). See United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996). Bailey applies retroactively to cases on collateral review. Id.

(continued...)

section 2255 case when, as here, the defendant pled guilty to a charge that he used or carried a firearm in violation of section 924(c). See United States v. Barnhardt, 93 F.3d 706 (10th Cir. 1996). We held that the determination of such a motion "depends on whether there is an adequate factual basis for his guilty plea." Id. at 709-10.

The plea colloquy reveals the following exchange between the district court and Mr. Sullivan with respect to the section 924(c) charge.

> [The court]: And what does that have to do with Count 1 [charging a drug trafficking offense]?
> [Mr. Sullivan]: I carried [the gun] on me all the time.
> [The court]: All the time what?
> [Mr. Sullivan]: During the time that we were trans- porting chemicals or manufacturing.
> [The court]: Manufacturing what?
> [Mr. Sullivan]: Amphetamine.

---

[1](...continued)
We note that Mr. Sullivan filed a prior action under section 2255 before the Supreme Court decided Bailey. Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not file an second or successive motion under section 2255 without first obtaining certification from a panel of this court that his motion contains either newly discovered evidence establishing that no reasonable factfinder would have found him guilty, or a new and retroactive rule of constitutional law. See 28 U.S.C.A. § 2255 (West Supp. 1997). However, Mr. Sullivan filed his second section 2255 motion on January 16, 1996, before the new Act was signed into law on April 24, 1996. The Act therefore does not apply to that motion. See Lindh v. Murphy, No. 96-6298, 1997 WL 338568, 65 U.S.L.W. 4557 (U.S. June 23, 1997). Under then-existing law, Mr. Sullivan has shown cause for his failure to raise the claim earlier and we therefore proceed to the issue of prejudice. See United States v. Holland, No. 96-1102, 1997 WL 364290, at *2-3 (10th Cir. July 2, 1997).

Rec., vol. II, at 31.

In Bailey, the Supreme Court held that to satisfy the "use" prong of section 924(c), the evidence must be "sufficient to show an *active employment* of the firearm." 116 S. Ct. at 505. "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. The definition does not include "mere possession of a firearm by a drug offender at or near the site of a drug crime." Id.

Under this construction, it is clear that the factual basis for Mr. Sullivan's plea does not establish that he "used" the firearm within the meaning of Bailey. However, Mr. Sullivan was charged with using or carrying a firearm during and in relation to a drug trafficking offense.[2] The Court in Bailey stated that "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." Id. at 507. Here, Mr. Sullivan admitted he carried a gun on his person all the time he was transporting or manufacturing amphetamine. These admitted facts are clearly a sufficient basis for his plea of guilty to the charge of carrying a firearm during and in relation to a

------

[2] Mr. Sullivan appears to argue that the government was required to establish that he both used and carried the firearm. He is incorrect. "It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976).

drug offense.  Accordingly, his claim that his counsel was ineffective during the plea process is without merit.  See United States v. Dixon, 1 F.3d 1080, 1084 (10th Cir. 1993) (when the underlying claim of error has no merit, the Sixth Amendment claim fails as well).

Mr. Sullivan has failed to demonstrate the denial of a constitutional right by showing the issues raised in his appeal are debatable among jurists; that a court could resolve the issues differently; or that the questions deserve further proceedings.  The certificate of appealability is DENIED and the appeal is DISMISSED.  28 U.S.C. § 2253(c)(2); Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996).

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge