**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

KENNETH LEROY ENGLISH,

     Plaintiff - Appellant,

vs.

SHIRL LEBARON, Seventh District
Juvenile Court Judge, CHARLOTTE
MEACHAM, Hearing Officer, DCFS,
Salt Lake City, Utah; RODNEY
TAYLOR, DCFS Social Worker;
DEPARTMENT OF HUMAN
SERVICES, STATE OF UTAH,

     Defendants - Appellees.

No. 00-4065
(D.C. No. 99-CV-592)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

     Plaintiff-Appellant Kenneth Leroy English, appearing pro se, appeals from

the district court's sua sponte dismissal of his complaint under Fed. R. Civ. P.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

12(b)(6).  We affirm.

Mr. English brought a civil rights action, 42 U.S.C. §§ 1983, 1985, against Judge Shirl Lebaron, a state juvenile court judge, Charlotte Mecham, a hearing officer for the Utah State Department of Human Services ("DHS"), Rodney Taylor, a former social worker for DHS, and DHS.  Mr. English sought the removal of his name from a database of sexual offenders maintained by DHS, $100,000 for defamation, and $4,000 as punitive damages.  Adopting the magistrate's report and recommendation, the district court dismissed Mr. English's complaint, concluding that each defendant was     immune from Mr. English's suit.

Mr. English raises six issues on appeal.  As a preliminary matter, we decline to consider Mr. English's first, second, and fifth issues because Mr. English failed to raise those issues before the district court.  Creative Gifts, Inc. v. UFO, 235 F.3d 540, 545 (10th Cir. 2000).

We review Rule 12(b)(6) dismissals de novo, applying the same standard used by the district court.  United States v. Dry, __ F.3d __, 2000 WL 1855061, at *2 (10th Cir. Dec. 19, 2000).   We construe Mr. English's pro se complaint liberally.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994).  In his third and fourth issues on appeal, Mr. English asserts that the district court erred in granting Mr. Taylor absolute immunity from liability based upon his testimony in

a judicial proceeding involving Mr. English. Aplt. Br. at 12, 14. Although this circuit does not afford social workers absolute immunity in connection with investigative functions, Malik v. Arapahoe County Dep't of Social Servs., 191 F.3d 1306, 1314 (10th Cir. 1999), we do take a functional approach to absolute immunity questions. Mr. English's complaint and appellate brief clearly indicate that Mr. English is complaining about Mr. Taylor's function as a testifying witness. We have analogized the activities of those who investigate child abuse claims to those of law enforcement officers, Snell v. Tunnell, 920 F.2d 673, 691 (10th Cir. 1990), and it is well established law that all "witnesses are absolutely immune from damages liability based on their testimony ." Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Miller v. Glanz, 948 F.2d 1562, 1570 (10th Cir. 1991). When testifying as a witness under oath, social workers are absolutely immune. Holloway v. Brush, 220 F.3d 767, 775 (6th Cir. 2000) (en banc).

A generous construction of Mr. English's brief indicates a sixth issue on appeal concerning Judge LeBaron's alleged admission of hearsay evidence and "method of deciding Cases" in considering whether to remove Mr. English's name from the sexual offender database. Aplt. Br. at 13. We agree with the district court that Judge LeBaron was acting in his judicial capacity and is therefore immune from suit. Hunt, 17 F.3d at 1266 ("[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all

jurisdiction." (internal quotations and citation omitted)).

Finally, we decline to "[i]nvestigate why Gilbert W. Dean is being held in Prison on One False Charge . . . ," Aplt. Br. 17, and decline to require the Division of Child and Family Services to pay Mr. English $255.00 for his filing fee because Mr. English was not the prevailing party. See 42 U.S.C. §1988.

AFFIRMED. All pending motions are denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge