**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILIP ANDRA GRIGSBY,

      Plaintiff - Appellant,

v.

JESSE JOE LEMUZ, JR.,

      Defendant - Appellee.

No. 15-3057
(D.C. No. 5:14-CV-03091-SAC-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Plaintiff-Appellant Philip Andra Grigsby, a federal inmate appearing pro se, appeals from the dismissal of his civil rights action based on the doctrine of absolute immunity for a testifying witness. 1 R. 58–63. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

<u>Background</u>

Mr. Grigsby is serving a 260-year sentence for producing and possessing child pornography and being a felon in possession of a firearm. <u>United States v. Grigsby</u>, 749 F.3d 908, 909 (10th Cir. 2014). He filed this civil rights suit against Jesse J. Lemuz, Jr., who testified at a sentencing hearing and a restitution hearing related to Mr. Grigsby's criminal case. He seeks over $11 million in damages from Mr. Lemuz. Mr. Lemuz, a "licensed master of social work and certified therapist at St. Francis Community Services, . . . testified on his counseling sessions with [Mr. Grigsby's] minor victim and his assessment of the victim's mental state." <u>United States v. Grisby</u>, 579 F. App'x 680, 681 (10th Cir. 2014) (unpublished). Mr. Grigsby contends that Mr. Lemuz's testimony violated his constitutional rights to due process and equal protection. 1 R. 13.

Underlying the alleged constitutional violations are Mr. Grigsby's claims against Mr. Lemuz for fraudulent misrepresentation and medical malpractice. <u>Id.</u> at 6. Mr. Grigsby contends Mr. Lemuz "maliciously misrepresented himself as to have authority in the field of psychology while giving his testimony" and "gave clinical opinions that were outside the scope of his professional license." <u>Id.</u> at 5. According to Mr. Grigsby, Mr. Lemuz "prescribed a [40-year] treatment program for the victim" that would cost $140,000, an amount upon which the district court relied in fashioning its restitution order. <u>Id.</u> at 7. Yet Mr. Grigsby alleges Mr. Lemuz lacked the authority and qualifications to assess the victim's psychological

needs and prescribe her a treatment plan.  Id.  He also places particular emphasis

on the fact that, in 2011, Mr. Lemuz was censured by Kansas authorities for

practicing social work and/or psychotherapy without supervision, which he was

not licensed to do.

The district court dismissed the action pursuant to 28 U.S.C.

§§ 1915A(a)–(b) and 1915(e)(2)(B)(iii), citing the doctrine of absolute immunity

for a testifying witness.  1 R. 62.  Mr. Grigsby asks us to reinstate the complaint

and to appoint counsel to represent him in "all litigation that he now has before

the court."  Aplt. Br. 9.


## Discussion

We review determinations of absolute immunity, including those under

§ 1915(e)(2)(b)(iii),[1] de novo.  Biehl v. Stoss, No. 07-3232, 2007 WL 2993557, at

*1 (10th Cir. Oct. 15, 2007) (unpublished) (citing Perez v. Ellington, 421 F.3d

1128, 1133 (10th Cir. 2005)).

"[A]ll witnesses—police officers as well as other lay witnesses—are

absolutely immune from civil liability under [42 U.S.C.] § 1983 based on their

testimony in a prior trial."  Miller v. Glanz, 948 F.2d 1562, 1570 (10th Cir. 1991)

---

[1] 28 U.S.C. § 1915, which applies to inmates like Mr. Grigsby who are proceeding in forma pauperis, directs a court to dismiss the inmate's case if "the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(b)(iii).

(citing <u>Briscoe v. LaHue</u>, 460 U.S. 325, 333–34, 344–45 (1983)).  This immunity extends to social workers who are testifying under oath.  <u>English v. LeBaron</u>, 3 F. App'x 872, 873 (10th Cir. 2001) (unpublished) (granting absolute immunity to a social worker in a similar context) (citing <u>Holloway v. Brush</u>, 220 F.3d 767, 775 (6th Cir. 2000) (en banc)).  Here, Mr. Grigsby's claims are based entirely upon testimony given by Mr. Lemuz during a criminal case.  Thus, Mr. Lemuz is absolutely immune from suit based on that testimony.  And to the extent Mr. Grigsby challenges the prosecution's conduct with respect to Mr. Lemuz's qualifications and testimony or the district court's decision to admit that testimony, a civil suit against Mr. Grigsby is not the proper vehicle to assert those claims.

AFFIRMED.  We DENY IFP status and order payment of the unpaid balance of the appellate filing fee.  The district court's dismissal counts as a strike under 28 U.S.C. § 1915(g), as will this disposition because the appeal is frivolous.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge